**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted January 21, 2021[*]
Decided January 21, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 20-2713

| | |
|---|---|
| RAJ PATEL, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:20-cv-01772-TWP-MPB |
| MANISHA PATEL, et al., *Defendants-Appellees*. | Tanya Walton Pratt, *Judge*. |

**O R D E R**

Raj Patel brought a sprawling complaint alleging that a host of individuals—family members, a former dean at his college alma mater, and former President Donald Trump—conspired to cover up sexual abuse by his mother when he was a teenager. At screening, 28 U.S.C. § 1915A, the district court construed the claims against his family members as arising under state law and dismissed those for lack of diversity jurisdiction; the court dismissed the others for failure to state a claim. Patel amended his

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

No. 20-2713 Page 2

complaint to add a federal RICO claim, an "honest services fraud" claim under 18 U.S.C. § 1346, and tort claims under "federal common law." The court again screened the complaint and dismissed it because Patel failed to allege sufficient facts to state a plausible federal claim.

On appeal Patel argues that the district court did not afford him, a pro se litigant, more lenient construction of his complaint. But Patel presents no coherent argument how the allegations in his complaint plausibly give rise to a claim under RICO, § 1346, or federal common law. *See Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 807 (7th Cir. 2020). To the extent he believes that it is sufficient merely to refer to these statutes or federal common law, "[a] pleading that offers `labels and conclusions' . . . will not do," nor will a complaint that "tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

We end by warning Patel, a frequent litigant in the Southern District of Indiana, that frivolous appeals may result in a monetary sanction, the nonpayment of which will lead to a filing bar under *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

AFFIRMED